## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEGHENY MILLWORK, INC.,    )
    )
        Plaintiff,    )    2:24-cv-00449-CB
    )
    v.    )    Chief Judge Cathy Bissoon
    )
LUMIGRAF INC,    )
    )
        Defendant.    )

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Lumingraf's Motion (Doc. 50) for summary judgment will be denied.  As to Plaintiff's breach of contract and express or implied warranty claims, Defendant's arguments require the Court to accept its expert's opinions, and reject Plaintiff's.  In light of the summary judgment standards, this is something the Court cannot do.

Defendant also argues that the terms of Plaintiff's purchase order do not control, negating the breach of contract claim.  Not so.  Plaintiff asserts that Defendant breached the contract by providing nonconforming goods.  *See* Compl. (Doc. 1) at ¶ 27.  It also claims a violation of the implied warranty of merchantability.  *Id.*, Count III.  If Defendant is found liable, its breach would violate both the terms of Plaintiff's purchase order (requiring the tiles to be "merchantable and of the highest quality") and the implied warranty.  A breach of implied warranty is a contract claim,[1] and, under the circumstances, the putative scope of recovery is the same.  *Cf., e.g.*, QVC, Inc. v. Midwest Trading Grp., Inc., 2013 WL 6632418, *11 (E.D. Pa. Dec. 16, 2013) (finding in

---

[1]  Greenwald Caterers Inc. v. Lancaster Host, LLC, 599 F. Supp. 3d 235, 250 (E.D. Pa. 2022) ("A claim for breach of warranty arises under the law of contracts.") (citations to quoted and other sources omitted, here and hereafter).

favor of the plaintiff, on its breach of contract and implied warranties claims, and awarding the same damages, without distinguishing between them).  Assuming Plaintiff was required to plead separate counts in the first place, it is permitted to pursue claims in the alternative (so long as they are not fatally inconsistent).

Finally, Defendant's arguments to limit Plaintiff's damages are rejected.  Present adjudication is disfavored by the rule against piecemeal adjudication.  DMP Ltd. P'ship v. Caribou Coffee Co., Inc., 2009 WL 2750257, *3 (W.D. Pa. Aug. 26, 2009) (courts may decline requests for partial summary judgment on damages where ruling "would not simplify significantly or extenuate the evidence at trial").  Nor is the Court convinced that payments made by Plaintiff's affiliated contractor and property owner let Defendant "off the hook" for its alleged breach.  The third parties' agreement to advance the costs of remediation, in exchange for Plaintiff's agreement to pursue such damages here, is akin to subrogation.  Whether Plaintiff is required to pay them back is immaterial, and, frankly, none of Defendant's business.

Consistent with the above, the Court hereby enters the following:

## II.  **ORDER**

Defendant's Motion (**Doc. 50**) for summary judgment is **DENIED**.  Soon, the Court will enter an order addressing next steps.

IT IS SO ORDERED.

March 23, 2026                                    s/Cathy Bissoon
                                                   Cathy Bissoon
                                                   Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record

2